UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PATRICK STUARD, JR.,

                Plaintiff,

   v.

TERENA CARLIN, Warden ICI-O;
BRENT REINKE, Director IDOC,

                Defendants.

Case No. 3:10-CV-067-REB

**INITIAL REVIEW ORDER**

      Plaintiff's complaint was conditionally filed (Dkt. 5) by the Clerk of Court due to

his status as an inmate and his request to proceed in forma pauperis.  The Court now

reviews the complaint to determine whether summary dismissal is appropriate under 28

U.S.C. §§ 1915(e)(2) and 1915A.  Having reviewed the record, and otherwise being fully

informed, the Court enters the following Order.

## BACKGROUND

      At the time his complaint was filed, Plaintiff was incarcerated at the Idaho

Correctional Institution at Orofino (ICI-O).  Plaintiff alleges that the named Defendants in

this case violated his First Amendment rights by denying him access to a copy of the book

*Mein Kampf*, by Adolf Hitler.  According to the complaint, Plaintiff asked for the

procedure to obtain a copy of the book from the publisher, but Defendants denied the request, citing the threat to "security and the orderly running of an institution." *Compl.*, Dkt. 3 at 3-4. Plaintiff first filed a "concern" form, and then filed an appeal, in which he grieved that he was denied his First Amendment rights to free speech, and noted that *Mein Kampf* is about Hitler's formative years building the National Socialist German Worker's Party, and not about the extermination of Jews. *Attach. to Compl.*, Dkt. 3 at 9. Plaintiff further asserts that "Catholics, Jews and Mormons can have their materials [s]ent in, so should I." *Id.*

## DISCUSSION

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Plaintiff has alleged violation of First Amendment rights caused by the ICI-O Warden and IDOC Director, acting under color of

state law. According to IDOC's response to Plaintiff's grievance (Dkt. 3 at 10), the IDOC apparently provided a process through which Plaintiff could request review – through the Religious Activities Oversight Coordinator – if he was requesting the book for purposes of religious beliefs. Although Plaintiff mentioned Catholics, Jews and Mormons in his concern form, he also cited non-religious bases for his request, noting that the book was about Hitler's formative years building the National Socialist German Worker's Party. In his complaint, Plaintiff cites a desire to research his ethnic background as a white German. *Compl.*, Dkt. 3 at 4.

The Court finds that, if Plaintiff is pursuing the book for non-religious purposes, it appears he has exhausted his administrative remedies, and has stated a cognizable claim on which he may proceed. Plaintiff is put on notice, however, that his complaint may be subject to dismissal by motion of the Defendants if he has failed to exhaust his administrative remedies, or upon other applicable defenses, if any. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) ("failure to exhaust remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints"); Title 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted").[1]

---

[1]The Supreme Court has noted: "[W]e stress the point . . . that we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements." *Booth v. Churner*, 532 U.S. at 741, n. 6.

Also, the Supreme Court has cautioned the federal courts not to interfere with the

day-to-day operations of the prisons, especially those things related to security, a task

which is best left to prison officials who have particular experience in dealing with

prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The standards

governing First Amendment claims of incarcerated citizens were outlined by the United

States Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). There, the Court examined

the free speech issue in the context of prison officials prohibiting correspondence

between inmates residing at different state institutions. The Court held that "when a

prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is

reasonably related to legitimate penological interests." 482 U.S. at 89. The Court

identified four factors to consider when determining whether a regulation is valid: (1)

whether there is a "rational connection between the prison regulation and the legitimate

governmental interest put forward to justify it;" (2) whether "there are alternative means

of exercising the right that remain open to prison inmates"; (3) what "impact

accommodation of the asserted constitutional right will have on guards and other inmates,

and on the allocation of prison resources generally;" and (4) whether "ready alternatives"

exist. 482 U.S. at 89-90.

This Order is not intended to be a final or a comprehensive analysis of Plaintiff's

---

*But see Nunez v. Duncan*, – F.3d – , 2010 WL 60089, at *7 (9th Cir. 2010) (plaintiff's failure to timely exhaust his administrative remedies is excused because he took reasonable and appropriate steps to exhaust his Fourth Amendment claim and was precluded from exhausting, not through his own fault, but by the warden's mistake).

claim under *Turner v. Safley*, or other applicable law. Accordingly, this Order does not

guarantee that Plaintiff's claim will ultimately be successful. It merely finds that Plaintiff

has stated a colorable claim that will not be summarily dismissed at this stage.

## OPPORTUNITY TO SETTLE CASE

If liability were found in this case, the damages likely would be minimal.

Therefore, the Court finds that judicial efficiency is served by allowing Plaintiff and

Defendants to attempt to informally settle this case during a time period of 90 days after

entry of this Order. For this reason, a courtesy copy of this Order and the Complaint shall

be provided to Defendants' counsel, Paul Panther, by the Clerk of Court.

If the parties wish to set up a settlement conference call with a magistrate judge to

facilitate settlement discussions, they may contact Susie Boring-Headlee, the ADR

Coordinator by telephone at 334-9067 or by letter at 550 West Fort Street, Boise, Idaho

83724. "Settlement" may or may not include payment of money damages. It also may or

may not include an agreement to address Plaintiff's situation differently. A compromise

agreement is one in which neither party is completely satisfied with the result, but both

have given something up and both have obtained something in return.

If the parties are able to settle the case in total during this time period, the $350

filing fee need not be paid. However, if the parties are unable to settle, then Plaintiff will

be required to pay the $350 filing fee in full. The Court will reconsider Plaintiff's Motion

to Proceed In Forma Pauperis, and if granted, Plaintiff will be permitted to pay the filing

fee in increments by automatic deductions from his prison trust account. If the motion is denied, Plaintiff will be required to pay the full fee up front.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is dismissed as MOOT.

2. Plaintiff shall be permitted to proceed against Defendants Carlin and Reinke.

3. The Clerk of Court shall send a courtesy copy of this Order and the Complaint to Paul Panther, Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

3. Plaintiff shall notify the Court by February 14, 2011, whether the case has been settled or whether he wishes to proceed.

4. If no settlement has been reached, the Court asks that Counsel for Defendants provide notice to the Court if counsel will accept service or return a waiver for either or both Defendants.



DATED:  November 16, 2010

_____
**Honorable Ronald E. Bush**
**U. S. Magistrate Judge**